UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEBTOR  DAMARIA WALTHOUR          :     Chapter 13
                                  :
SS#: 1643                         :     Case NO.

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$269.00 MONTHLY** (If the payments change over time include the following.) These plan payments change to **NO CHANGE** $_____ weekly/bi-weekly/semi-monthly/monthly on _____ 2015.

2. From the payments so received, the trustee shall make disbursements as follows:

(a)  The trustee percentage fee as set by the United States Trustee.

(b)  The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
|  |  |  |

(c)  Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| CAPITAL ONE AUTO FINANCE | $50.00 |
| SPRINGLEAF FINANCIAL | $25.00 |

(d) The following claims are not subject to cram down because the debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
|  |  |  |  |  |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL | MONTHLY ~PAYMENT AMOUNT |
|---|---|---|---|---|---|
| CAPITAL ONE AUTO FINANCE | $9623.00 | $10,300.00 | 6% | 08 Ford Escape | $200.00 |
| SPRINGLEAF | $3497.00 | $1000.00 | 6% | Computer/TVs | $40.00 |

(f)  Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of **$2300.00** to be paid as follows:

Attorney fees to be paid as per administrative order of the Court.

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows
  NAME OF CREDITOR     ESTIMATED AMT DUE    VALUE      INT. RATE    COLLATERAL

(h)  The following collateral is surrendered to the creditor:
  NAME OF CREDITOR DESCRIPTION OF COLLATERAL

(i)  The following domestic support obligations will be paid over the life of the plan as follows:
(These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at the rate of____ %. Interest can only be included if the plan is proposing to pay all claims in full.)
  NAME OF CREDITOR                                                    PAYMENT AMOUNT
  NONE

(j)  The following unsecured claims are classified to be paid at 100%. These payments will be made simultaneously with payment of the secured debt:
NONE

(k)  All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l)  The debtor(s) will be the disbursing agent on the following debts:

(m) Special provisions: Titles to all vehicles shall be released to the debtor(s) with all liens canceled upon completion of the Chapter 13 plan. All non-purchase, non-possessory security interest(s) in household goods, appliances, and furnishings of the following creditors: SPRINGLEAF FINANCIAL, FIRST FRANKLIN, and WORLD FINANCE CORP listed in the petition shall be voided upon confirmation of the plan and shall be extinguished upon discharge of the debtor(s) under Chapter13.

(n)  Debtor(s) will make payments that will meet all of the following parameters:

    (i)  Debtor will pay all of his disposable income as shown on Form B22C of $0 to the non priority unsecured creditors in order to be eligible for a discharge
    (ii)  If the Debtor filed a Chapter 7 case, the unsecured creditors would receive $0. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for a discharge.
    (iii)  The debtor will pay $0 to the general unsecured creditors to be distributed pro rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    (a) __% dividend as long as this dividend exceeds the highest amount, if any,

     shown in paragraph (n) (i), (n) (ii) or (n) (iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

  (b) The debtor(s) will make payments for ___ months and anticipates a dividend of __%, but will also exceed the highest amount shown in paragraph (n) (i), (n) (ii), or (n) (iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in possession of the Trustee or the debtor(s), remains property of the estate subject to the court's jurisdiction, notwithstanding 1327 (b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in possession and control of the debtor(s) shall be insured by the debtor(s). The Chapter 13 Trustee is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor(s).

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date 7/09/15                     Debtor [signature]